McIlvaine, J.
The rejection of testimony offered by defendant below, as shown by the bill of exceptions, is the principal matter relied on for error.
This testimony was offered to prove the express agreement alleged by the defendant to have been made between the parties on the 1st of January, 1874, in which, as he claimed, it was stipulated that his salary, to wit — one-eighth of the profits of the business — should equal, at least, twenty-two hundred and fifty dollars per annum. This stipulation was denied by the reply. The issue made by the pleadings was not as to the amount guaranteed, but as to any guaranty at all.
TJpon such an issue, is testimony as to the “ market value” or usual price of such services admissible in chief ? Such testimony, in our opinion, does not tend, in the remotest degree, to prove the existence of an express agreement. It is said that such testimony shows the reasonableness of the alleged agreement. The point in issue was not the reasonableness of the alleged agreement, but its existence. That a supposed agreement would be reasonable, does not afford a scintilla of evidence that it was entered into by express stipulations.
We concede that there is a class of cases in which the doc *598 trine as announced by this court in Allison v. Horning, 22 Ohio St. 138, is fully established, namely: “In an action to recover the amount due on a contract for work, where the testimony is conflicting as to the price agreed upon for the work, it is competent to show the value of such work at the time the contract was made, as tending to show what the agreed price, was.”- In that case, such testimony was admitted, but as it did not appear to have been admitted in chief, the judgment was affirmed on the ground that error must appear on the face of the record. Judge Day, in delivering the opinion, said: “ It does not appear that the evidence was given in chief for the purpose of proving the contract price, which would have been inadmissible; but for aught that is shown by the record, it was offered to rebut the evidence introduced by defendant to prove that the contract price was less than that claimed by plaintiff.”
But in the case before us, it does appear from the bill of exceptions that the rejected evidence was offered in chief by defendant below in support of the agreement set out in his cross-petition, and therefore inadmissible according to the rule stated by Judge Day, supra.
But another feature in the case before us appears on the record, which is worthy of remark. The defendant, in offering testimony in chief in support of his cross-petition, gave evidence tending to prove that the contract for his services in the year 1876 differed from the previous contract in this, that his compensation was to be one-sixth of the profits of the business instead of one-eighth, which was guaranteed would be at least $2,250. . And it further appears, that after the testimony of the defendant to prove the value of such services on the 1st of January, 1874, had been rejected, the plaintiff gave testimony-to the effect that “on the 1st of January, 1876, a new contract was made, by which the defendant was to receive for his services for the year 1876, one-sixth of the profits of their business, which the plaintiffs guaranteed should amount to $1,200. Thus a case arose upon the proofs, different from that made by the pleadings, in which the only conflict between the pai’ties was as to the amount of compensation guaranteed to the defendant for his services for the year 1876. The defendant, *599 claiming under his testimony that the amount was $2,250.00— the plaintiffs, that it was only $1,200.00. A case clearly within the doctrine of Allison v. Horning, supra.
It must be observed, however, that the testimony previously offered by defendant, and properly rejected by the court at the time and under the circumstances of the case when offered and rejected, was not again tendered after this new phase of the case was developed by the testimony; hence, the rejection of the testimony, being proper at the time it was ordered, did not become erroneous by reason of the subsequent change in the status of the case.
And again, if the same testimony had been tendered after the controversy was reduced to a mere conflict in testimony as to the amount of the agreed guaranty, it should have been rejected, for the reason that it related solely to the value of such services on the 1st of January, 1874, whereas, under the rule as stated in Allison v. Horning, supra, it should have been confined to the value of such services at the time the contract was made, to wit: at or about the first of January, 1876.
We find no error in the record for which the judgment below should be reversed.

Judgment affirmed.